CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 0 9 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY T. RUSSELL, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:07cv00533 |
| v. | ) |
| MICHAEL J. ASTRUE, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) United States Magistrate Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Timothy T. Russell ("Russell") filed this action for review of Commissioner of Social Security's ("Commissioner") decision denying his claim for disability insurance benefits under the Social Security Act (the "Act"). Russell raises one issue on appeal – whether the Administrative Law Judge ("ALJ") erred by not taking into account the vocational expert's testimony at the administrative hearing. Having reviewed the record, it is clear that the ALJ's finding that Russell suffers from a non-severe impairment is supported by substantial evidence. As such, the Commissioner's motion for summary judgment is granted and Russell's motion for summary judgment is denied.

I

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Social Security Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "'Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct, legal standard.'" Id. (alteration in original) (quoting Craig v.

Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Although we review the [Commissioner's] factual findings only to establish that they are supported by substantial evidence, we also must assure that [his] ultimate conclusions are legally correct." Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions. See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or

2

her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. Id. Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functioning capacity ("RFC"),[1] considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

## II

Russell was born in 1963 and is considered a younger individual under the Act. 20 C.F.R. § 404.1563(c). He graduated from high school and attended some college courses. (Administrative Record, hereinafter "R." at 208.) Prior to the alleged onset date, Russell worked primarily as a painter and an air conditioning and refrigeration installer. (R. 97, 198.)

On May 5, 2005, Russell presented to Dr. Burgess complaining of fatigue, specifically stating he had difficulty getting up in the morning, daytime somnolence, and a diminished energy

---

[1] RFC is a measurement of the most a claimant can do despite his limitations. See 20 C.F.R. § 404.1545(a). According to the Social Security Administration:

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Social Security Regulation (SSR) 96-8p. RFC is to be determined by the ALJ only after he considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain). See 20 C.F.R. § 404.1529(a).

3

level. (R. 134.) Lab results revealed elevated LFTs and positive RIBA for Hepatitis C.[2] (R. 145.) Dr. Burgess diagnosed Russell with Hepatitis C on May 31, 2005, (R. 145), and referred Russell to a gastroenterologist, Dr. Morgan, for evaluation and further treatment. (R. 167.)

On June 2, 2005, Dr. Morgan confirmed the Hepatitis C diagnosis and ordered an ultrasound of the liver, which was unremarkable. (R. 141, 166, 167-68.) On July 18, 2005, Russell complained to Dr. Morgan of weakness and lethargy, which he allegedly experienced "at times." (R. 166.) On September 15, 2005, Russell reported that he continued to feel weak and tired and had been unable to work on several occasions. (R. 165.) Dr. Morgan prescribed Ribavirin for treatment. (R. 165.)

In September of 2005, Russell left his job as a painter, claiming he was unable to complete a full work week. (R. 199.) He stopped taking his prescribed medication in November or December of 2005, allegedly due to a rash caused by an allergic reaction to his medication.[3] (R. 200.) According to the record, Russell did not seek treatment for Hepatitis C or any other condition subsequent to November, 2005. (R. 207.)

Russell claims a disability onset of September 8, 2005. His application for benefits was rejected by the Commissioner initially, and upon reconsideration. An administrative hearing was convened before an Administrative Law Judge ("ALJ") on May 15, 2007. (R. 188-224.) In determining whether Russell was disabled under the Act, the ALJ found that he has a non-severe impairment, see 20 C.F.R. § 404.1521, and thus ended the review at step two of the sequential evaluation process. 20 C.F.R. § 404.1520(4). The Appeals Council denied Russell's request for review and this appeal followed.

---

[2] Russell admits to heavy alcohol and street drug use prior to 1989. (R. 19, 120, 202.)
[3] No objective medical evidence supports this claim.

4

## III

Russell has not met his burden of establishing that he is disabled. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). The record is devoid of any medical evidence that indicates Russell has suffered from an impairment that significantly limits his ability to perform basic work activities for a period of twelve consecutive months. 42 U.S.C. § 423(d)(1); 20 C.F.R. §§ 404.1509, 404.1521(a). Russell was diagnosed with Hepatitis C in May, 2005. (R. 145.) However, the record contains no objective evidence of serious limitations resulting from this diagnosis. A mere diagnosis is insufficient to establish disability. See Gross v. Heckler, 785 F.2d 1163, 1165-66 (4th Cir. 1986); see also 42 U.S.C. § 423(d)(2)(A).

Moreover, the ALJ is not required to accept Russell's subjective allegations of fatigue and pain, but rather must determine through an examination of the objective medical record whether he has proven an underlying impairment that could reasonably be expected to produce the symptoms alleged. Craig v. Chater, 76 F.3d 585, 592 (4th Cir. 1996) (finding that allegations of pain or other subjective symptoms, without more, are insufficient to establish disability; such allegations cannot take precedence over objective medical evidence or the lack thereof). Then the ALJ must determine whether Russell's symptoms are credible in light of the entire record. Credibility determinations are in the province of the ALJ, and courts normally ought not to interfere with those determinations. See Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989). In this case, the ALJ was correct in finding Russell's allegations were not supported by the evidence of record.

Russell received minimal treatment for Hepatitis C. The record contains notes from only five office visits to treating physicians over a period of less than six months. (R. 120-21, 134-35,

165, 166, 167-68.) Russell was prescribed Ribavirin during a September 15, 2005, visit to Dr. Morgan, but he stopped taking the medication in November, 2005, due to an alleged rash. There is no evidence that Russell ever reported a rash or any other reaction to the medication to his treating physicians. Nor is there evidence that either doctor advised him to stop taking the medication. Indeed, after the September 15, 2005 office visit, Russell did not seek further treatment for Hepatitis C. (R. 207.)

Neither Dr. Burgess nor Dr. Morgan ever indicated in the medical records that Russell was limited in his ability to work. In fact, when Dr. Morgan was asked to opine on Russell's functional capacity, he declined to do so. (R. 163.) Dr. Morgan stated that Russell reported that he was weak, tired and unable to continue working, and noted that weakness and muscle and joint aches were common symptoms of Hepatitis C. (R. 163.) While Dr. Morgan stated that treatment for Hepatitis C could cause incapacitating symptoms in some people, (R. 164), he did not state that Russell's symptoms were incapacitating. Indeed, Russell ceased his prescribed treatment soon after it started. Notably, Dr. Morgan did not offer any opinion on Russell's functional capacity.

Russell claims to experience excessive tiredness, daily fatigue, and pain in his side and back, which averages between a 6 and 8 on a 10 point pain scale. (R. 19, 201.) He says he takes two or three naps per day, can only walk one block due to weakness, and experiences pain when sitting. (R. 202-06.) Yet he has not sought treatment since he stopped taking his medication in November or December of 2005. He claims to have inquired about treatment at some free clinics, which he says declined to treat him. (R. 207.) The record contains no documentation of any such inquiries and does not contain evidence that Russell ever sought other treatment.

6

There is simply no evidence in the record that establishes Russell suffers from a severe impairment rendering him disabled under the Act. The record indicates that Russell was treated for Hepatitis C for a period of seven months. Substantial evidence supports the ALJ's finding that Russell does not suffer from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521(a).

## IV

Russell claims this case should be remanded under sentence four or sentence six of 42 U.S.C. § 405(g) for consideration of the vocational expert's testimony, which he claims the ALJ failed to consider. At the administrative hearing, the ALJ asked the vocational expert whether there were any jobs for a hypothetical individual with Russell's impairment if that impairment was such that he was incapable of doing competitive work on a sustained basis eight hours per day, five days per week, (R. 222), or if the impairments were such that they were required to miss more than two days of work per month. (R. 222.) The vocational expert testified that no such jobs exist.

Russell's argument for a sentence four remand fails because the vocational expert's testimony only becomes relevant at step five. The ALJ found that Russell did not suffer from a severe impairment and properly ended the analysis at step two. 20 C.F.R. § 404.1520(a)(4). The ALJ's decision is supported by substantial evidence. Even if the analysis had proceeded to step five, there is no factual support for the hypothetical posed. No treating or reviewing physician opined that Russell is incapable of performing competitive work on a sustained basis for eight

7

hours per day, five days per week, or that Russell would be required to miss two days or more per month.[4]

Moreover, this case does not warrant remand under sentence six of 42 U.S.C. § 405(g) for consideration of new evidence. Sentence six applies specifically to evidence not incorporated into the record by either the ALJ or the Appeals Council. The court may remand a case under sentence six to the Commissioner upon a showing of new, material evidence, when good cause exists for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g); Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). The vocational expert's testimony was presented at the administrative hearing and incorporated into the Administrative Record. It was previously before the Commissioner for consideration. Thus, it does not qualify as new evidence warranting remand under sentence six.

V

Accordingly, the decision of the Commissioner is affirmed, and defendant's motion for summary judgment is granted.

In affirming the final decision of the Commissioner, the court does not suggest that plaintiff is totally free of all pain and subjective discomfort. The objective medical record simply fails to document the existence of any condition which would reasonably be expected to result in total disability for all forms of substantial gainful employment. It appears that the ALJ properly considered all of the objective and subjective evidence in adjudicating plaintiff's claim

---

[4] The only opinion regarding Russell's capacity to work came from state agency physician James R. Wickham, M.D., who performed a residual functional capacity assessment on Russell in January, 2006. Dr. Wickham found that Russell had capacity for light work and that he could occasionally lift 20 lbs and frequently lift 10 lbs; stand or walk about 6 hours in an 8 hour workday; had no postural limitations; no manipulative limitations; no visual limitations; no communicative limitations; and no environmental limitations. (R. 169-175.) The ALJ gave minimal weight to this opinion based on the fact that Dr. Wickham was unaware that Russell had stopped treatment in November, 2005.

8

for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. Defendant's motion for summary judgment must be granted.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

**ENTER:** This 9th day of September, 2008.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge